UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darnell Khan, | ) C/A No. 4:12-00524-TMC-TER |
| Plaintiff, | ) |
| vs. | ) |
| Rondo Myers;<br>Captain Bufford;<br>Lt. Walter Smith; and<br>Sgt. J. Williams, | ) Report and Recommendation |
| Defendants. | ) |

Darnell Khan ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Alvin S. Glenn Detention Center (ASGDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names ASGDC employees as Defendants.[2] Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even under this less stringent standard, however, the undersigned finds and concludes that the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

The complaint alleges that a "so call new policy" at the Alvin S. Glenn Detention Center allows the destruction of commissary items when an inmate is placed in the Special Housing Unit (SHU). ECF No. 1, page 3. Plaintiff complains that he has not seen a copy of this policy, nor has he been provided a policy number. *Id.* On January 12, 2012, Plaintiff states that he was placed in SHU by Defendants Bufford, Smith and Williams. *Id.* Plaintiff "saw the disciplinary hearing officer" (DHO) the next day and was sanctioned to ten (10) days of cell restriction. *Id.* Upon leaving SHU, Plaintiff asked the DHO, "where is my commissary he stated 'It should be in the Supervisor office cause they are not to do anything to it until" Plaintiff was formally sanctioned. *Id.* Plaintiff also indicates that, in response to a grievance regarding the matter, Defendant Smith indicated that the disciplinary office did not know that Plaintiff's commissary would be destroyed. *Id.* at 4. However, Plaintiff alleges that Defendant Williams destroyed the commissary items "the

2

same hour [Plaintiff] left the unit." *Id.* at 3. Plaintiff seeks monetary damages. *Id.* at 5. Plaintiff further asks that the detention center be required to make all new policies available to inmates. *Id.*

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff provides no factual allegations in the body of the pleading regarding Defendant Rondo Myers. Further, Plaintiff fails to allege that Defendants Bufford or Smith had any involvement in the destruction of Plaintiff's property. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Reaves v. Richardson*, C/A No. 4:09-820-TLW-SVH, 2011 WL 2119318 at *6 (D.S.C. March 1, 2011); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011). The complaint's general deprivation of property claim, absent any personal allegations of wrongdoing against Defendants Myers,

3

Bufford, and Smith, is insufficient to state a claim under § 1983. Therefore, Defendants Myers, Bufford, and Smith are entitled to summary dismissal from the instant action.

Next, Plaintiff alleges the destruction of his commissary items by Defendant Williams. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *See also See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). *See also Daniels v. Sheppard*, C/A No. 2:12-123-

4

MBS-BHH, 2012 WL 591638 at *3 (D.S.C. Jan. 26, 2012)(noting that a person in South Carolina has a remedy for personal property loss through the South Carolina Tort Claims Act).

The instant complaint alleges that Defendant Williams intentionally destroyed Plaintiff's commissary items, thus, violating his right to due process. ECF No. 1, page 2. Plaintiff references a new policy, which allegedly authorizes the destruction of commissary items when inmates are placed in SHU. *Id.* at 3. However, Plaintiff claims that he was never formally sanctioned to SHU placement, and that his property was destroyed prior to his disciplinary hearing, while Plaintiff was in a "waiting action status." *Id.* The complaint further alleges that the disciplinary hearing officer, in charge of Plaintiff's sanctions, confirmed that destruction of his commissary property was not authorized prior to the disciplinary hearing. *Id.* Therefore, Plaintiff complains of an unauthorized destruction of property by Defendant Williams. As Plaintiff has a meaningful post-deprivation remedy available under state law, his due process claim, associated with the destruction of commissary items, should be dismissed for failure to state a claim upon which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

|  |  |
|---|---|
| May 10, 2012<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III.<br>United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).